UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRAVO MEZZ FUND LLC,

                                      Plaintiff,

   - against -

NORDICA BAY, LLC, NORDICA LANDING, LLC
and CHARLES E. LEE,

                                      Defendants.
------------------------------------------------------------X

Case No.: 24-6107

**FIRST AMENDED COMPLAINT**

      Plaintiff, Bravo Mezz Fund LLC ("Bravo Mezz"), by its attorneys, Cullen and Dykman LLP, for its first amended complaint[1] against Nordica Bay, LLC ("Nordica Bay"), Nordica Landing, LLC ("Nordica Landing") and Charles E. Lee ("Lee") herein, alleges:

## NATURE OF THIS ACTION

      1.     This action relates to (i) Defendant Nordica Bay's default and failure to pay Bravo Mezz the amounts Nordica Bay owes Bravo Mezz pursuant to the Nordica Bay Loan Documents (defined below) and (ii) Defendant Nordica Landing's default and failure to pay Bravo Mezz the amounts Nordica Landing owes Bravo Mezz pursuant to the Nordica Landing Loan Documents (defined below). Defendant Lee is named because he personally guaranteed both Nordica Bay's and Nordica Landing's obligations pursuant to written guaranties and is in default and has failed to pay the amounts owed to Bravo Mezz under those guaranties.

## PARTIES

      2.     Plaintiff Bravo Mezz is a New York limited liability company with its principal place of business located at 55 Northern Boulevard, Ste 202, Great Neck, NY 11021. Bravo Mezz is a citizen of the State of New York.

---

[1] The Complaint is amended solely to correct the inadvertent failure to attach the exhibits to the original complaint.

3. Upon information and belief, Defendant Nordica Bay is a Florida limited liability company with its principal place of business 150 E. Palmetto Park Road, Suite 800, Boca Raton, Florida 33432. Nordica Bay is a citizen of the State of Florida.

4. Upon information and belief, Defendant Nordica Landing is a Florida limited liability company with its principal place of business 150 E. Palmetto Park Road, Suite 800, Boca Raton, Florida 33432. Nordica Landing is a citizen of the State of Florida.

5. Upon information and belief, Defendant Lee is a natural person and a resident and citizen of the State of Florida.

## JURISDICTION AND VENUE

6. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000. Jurisdiction exists under 28 U.S.C. §1332 by virtue of complete diversity of citizenship between plaintiff, on one hand, and the defendants, on the other hand. Venue is proper under 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the Southern District of New York and the parties consented to the jurisdiction of and venue in the Southern District of New York in the Nordica Bay Loan Documents and Nordica Landing Loan Documents as described below.

## COMMON FACTS

*The Loan and Loan Documents*

**The Nordica Bay Loan**:

7. On or about February 15, 2022, Bravo Mezz made a $760,000 loan (the "Nordica Bay Loan") to Nordica Bay.

8. The Nordica Bay Loan was made pursuant to that certain Loan Agreement dated February 15, 2022 by and between Nordica Bay and Bravo Mezz (as may be amended, modified

or restated the "Nordica Bay Loan Agreement"). A copy of the Nordica Bay Loan Agreement is attached hereto as Exhibit 1.

9. The Nordica Bay Loan was evidenced by that certain promissory note dated February 15, 2022 by Nordica Bay in favor of Bravo Mezz in the principal amount of Seven Hundred Sixty Thousand and 00/100 Dollars ($760,000.00) (the "Nordica Bay Note"). A copy of the Nordica Bay Note is attached hereto as Exhibit 2.

10. The Nordica Bay Loan is secured by pledge of all of the membership interests in Nordica Bay, wholly owned by Nordica Bay P LLC, and all of Nordica Bay P LLC's rights, title and interests in Nordica Bay and its assets (the "Nordica Bay Collateral") as set forth in that certain Assignment And Pledge Of Membership Interest dated February 15, 2022 by Nordica Bay P LLC in favor of Bravo Mezz (the "Nordica Bay Pledge"). A copy of the Nordica Bay Pledge is attached hereto as Exhibit 3. A UCC financing statement perfecting Bravo Mezz's interests in the Nordica Bay Collateral was filed on February 23, 2022, a copy of which is attached hereto as Exhibit 4.

11. Defendant Lee guaranteed full, prompt and complete payment and performance by Nordica Bay of all of its obligations under the Nordica Bay Loan Documents (defined below) pursuant to the Continuing Guaranty dated February 15, 2022 by Lee in favor of Bravo Mezz (the "Nordica Bay Guaranty"). In the Nordica Bay Guaranty, Lee specifically and affirmatively waived and agreed not to assert: (i) any right to require Bravo Mezz to proceed against Nordica Bay or to proceed against any other guarantor, or to proceed against or exhaust any security for the Nordica Bay Loan obligations. A copy of the Nordica Bay Guaranty is attached hereto as Exhibit 5.

22874.2000 21267015v1

12. The Nordica Bay Note, the Nordica Bay Loan Agreement, the Nordica Bay Pledge, the Nordica Bay Guaranty and the other documents, certificates, instruments and agreements executed by Nordica Bay or others in connection with the Nordica Bay Loan or to otherwise evidence or secure the Nordica Bay Loan, and all renewals, supplements, or amendments thereto, are collectively referred to as the "Nordica Bay Loan Documents". Capitalized terms used herein related to the Nordica Bay Loan without definition shall have the meanings ascribed to such terms in the Nordica Bay Loan Agreement.

13. The Nordica Bay Loan Agreement provides that Bravo Mezz's fees and expenses, including attorneys' fees and expenses shall constitute additional obligations of Nordica Bay to Bravo Mezz under the Nordica Bay Loan Documents and shall (i) bear interest at the Default Rate, (ii) be secured by the Nordica Bay Pledge and (iii) be guaranteed by Lee under the Nordica Bay Guaranty.

14. The Nordica Bay Loan Agreement provides that it will be governed by the law of the State of New York and that the enforcement actions may be brought in this Court.

15. The Nordica Bay Guaranty provides that it will be governed by the law of the State of New York.

16. In the Nordica Bay Loan Agreement, Nordica Bay and the Nordica Bay Guarantor expressly waive any defense of *forum non conveniens*.

***The Nordica Landing Loan***:

17. On or about February 18, 2022, Bravo Mezz made a $1,240,000 loan (the "Nordica Landing Loan") to Nordica Landing.

18. The Nordica Landing Loan was made pursuant to a certain Loan Agreement dated February 18, 2022 by and between Nordica Landing and Bravo Mezz (as may be amended,

modified or restated the "Nordica Landing Loan Agreement"). A copy of the Nordica Landing Loan Agreement is attached hereto as Exhibit 6.

19. The Nordica Landing Loan was evidenced by a certain promissory note dated February 18, 2022 by Nordica Landing in favor of Bravo Mezz in the principal amount of One Million Two Hundred Forty Thousand and 00/100 Dollars ($1,240,000.00) (the "Nordica Landing Note"). A copy of the Nordica Landing Note is attached hereto as Exhibit 7.

20. The Nordica Landing Loan is secured by pledge of all of the membership interests in Nordica Landing, wholly owned by Nordica Landing P LLC, and all of Nordica Landing P LLC's rights, title and interests in Nordica Landing and its assets (the "Nordica Landing Collateral") as set forth in that certain Assignment And Pledge Of Membership Interest dated February 18, 2022 by Nordica Landing P LLC in favor of Bravo Mezz (the "Nordica Landing Pledge"). A copy of the Nordica Landing Pledge is attached hereto as Exhibit 8. A UCC financing statement perfecting Bravo Mezz's interests in the Nordica Landing Collateral was filed on June 8, 2022, a copy of which is attached hereto as Exhibit 9.

21. Lee guaranteed full, prompt and complete payment and performance by Nordica Landing of all of its obligations under the Nordica Landing Loan Documents (defined below) pursuant to the Continuing Guaranty dated February 18, 2022 by Lee in favor of Bravo Mezz (the "Nordica Landing Guaranty"). In the Nordica Landing Guaranty, Lee specifically and affirmatively waived and agreed not to assert: (i) any right to require Bravo Mezz to proceed against Nordica Landing or to proceed against any other guarantor, or to proceed against or exhaust any security for the Nordica Landing Loan obligations. A copy of the Nordica Landing Guaranty is attached hereto as Exhibit 10.

22874.2000 21267015v1

22. The Nordica Landing Note, the Nordica Landing Loan Agreement, the Nordica Landing Pledge, the Nordica Landing Guaranty and the other documents, certificates, instruments and agreements executed by Nordica Landing or others in connection with the Nordica Landing Loan or to otherwise evidence or secure the Nordica Landing Loan, and all renewals, supplements, or amendments thereto, are collectively referred to as the "Nordica Landing Loan Documents". Capitalized terms used herein related to the Nordica Landing Loan without definition shall have the meanings ascribed to such terms in the Nordica Landing Loan Agreement.

23. The Nordica Landing Loan Agreement provides that Bravo Mezz's fees and expenses, including attorneys' fees and expenses shall constitute additional obligations of Nordica Landing to Bravo Mezz under the Nordica Landing Loan Documents and shall (i) bear interest at the Default Rate, (ii) be secured by the Nordica Landing Pledge and (iii) be guaranteed by Lee under the Nordica Landing Guaranty.

24. The Nordica Landing Loan Agreement provides that it will be governed by the law of the State of New York and that the enforcement actions may be brought in this Court.

25. The Nordica Landing Guaranty provides that it will be governed by the law of the State of New York.

26. In the Nordica Landing Loan Agreement, Nordica Landing and the Nordica Landing Guarantor expressly waive any defense of *forum non conveniens*.

*Events of Default*

   ***The Nordica Bay Loan****:*

27. Under the terms of the Nordica Bay Loan Documents, the Nordica Bay Loan matured on March 1, 2024 (the "Maturity Date").

28. Nordica Bay did not satisfy the requirements and did not exercise the option to extend the term of the Nordica Bay Loan pursuant to section 3 of the Nordica Bay Note.

29. Nordica Bay's last payment on the Nordica Bay Loan was made on April 1, 2024 and included payment of interest accrued through the Maturity Date. Nordica Bay has not made a payment on the Nordica Bay Loan after April 1, 2024.

30. The Nordica Bay Loan remains due and unpaid and accrues interest at the Default Rate of 24% from and after the Maturity Date.

31. There is presently due to Bravo Mezz under the Nordica Bay Loan Documents unpaid principal of $760,000.00, plus interest at the Default Rate, late fees and the fees and costs of collection of the amounts due under the Nordica Bay Loan Documents, including attorneys' fees.

***The Nordica Landing Loan***:

32. Under the terms of the Nordica Landing Loan Documents, the Nordica Landing Loan matured on the Maturity Date.

33. Nordica Landing did not satisfy the requirements and did not exercise its option to extend the term of the Nordica Landing Loan pursuant to section 3 of the Nordica Landing Note.

34. Nordica Landing's last payment on the Nordica Landing Loan was made on March 1, 2024 and included payment of interest accrued through that date. Nordica Landing has not made a payment on the Nordica Landing Loan after March 1, 2024.

35. The Nordica Landing Loan remains due and unpaid and accrues interest at the Default Rate of 24% from and after March 1, 2024.

36. There is presently due to Bravo Mezz under the Nordica Landing Loan Documents unpaid principal of $1,240,000.00, plus interest at the Default Rate, late fees and the

7

fees and costs of collection of the amounts due under the Nordica Landing Loan Documents, including attorneys' fees.

## **FIRST CLAIM FOR RELIEF**
(Breach of Contract as Against Nordica Bay)

37. Bravo Mezz repeats and realleges the allegations contained in paragraphs 1 through 34 above, as if fully set forth herein.

38. On or about February 15, 2022, Defendant Nordica Bay executed and delivered to Bravo Mezz for value received, the Nordica Bay Loan Documents whereby it promised to pay to Bravo Mezz, the principal sum of up to $760,000.00, plus interest, late fees and the fees and costs of collection of the amounts due under the Nordica Bay Loan Documents, including attorneys' fees.

39. The Nordica Bay Loan matured on the Maturity Date.

40. Defendant Nordica Bay failed to pay $760,000.00 in principal due on the Nordica Bay Note. As of August 1, 2024, the amount due is as follows: (i) principal of $760,000.00, (ii) an exit fee of $22,800.00, and (iii) accrued interest at the Default Rate of 24% from April 1, 2024 through August 1, 2024 of $62,320.00, which continues to accrue at a per diem rate of $506.67 per day, for a total amount due through August 1, 2024 of $845,120.00, plus the fees and costs of collection of the amounts due under the Nordica Bay Loan Documents, including attorneys' fees in an amount to be proven at trial. This amount is now due and owing to Plaintiff Bravo Mezz.

## **SECOND CLAIM FOR RELIEF**
(Breach of Contract as Against Nordica Landing)

41. Bravo Mezz repeats and realleges the allegations contained in paragraphs 1 through 34 above, as if fully set forth herein.

42. On or about February 18, 2022, Defendant Nordica Landing executed and delivered to Bravo Mezz for value received, the Nordica Landing Loan Documents whereby it promised to pay to Bravo Mezz, the principal sum of up to $1,240,000.00, plus interest, late fees and the fees and costs of collection of the amounts due under the Nordica Landing Loan Documents, including attorneys' fees.

43. The Nordica Landing Loan matured on the Maturity Date.

44. Defendant Nordica Landing failed to pay $1,240,000.00 in principal due on the Nordica Landing Note. As of August 1, 2024, the amount due is as follows: (i) principal of $1,240,000.00, (ii) an exit fee of $37,200.00, and (iii) accrued interest at the Default Rate of 24% from March 1, 2024 through August 1, 2024 of $127,306.67, which continues to accrue at a per diem rate of $826.67 per day, for a total amount due through August 1, 2024 of $1,404,506.67, plus the fees and costs of collection of the amounts due under the Nordica Bay Loan Documents, including attorneys' fees in an amount to be proven at trial. This amount is now due and owing to Plaintiff Bravo Mezz.

**THIRD CLAIM FOR RELIEF**
(Breach of Contract as Against Lee)

45. Bravo Mezz repeats and realleges the allegations contained in paragraphs 1 through 42 above, as if fully set forth herein.

46. On or about February 15, 2022, Defendant Lee executed and delivered to Bravo Mezz for value received, the Nordica Bay Guaranty guaranteeing prompt and complete payment and performance by Nordica Bay of all of its obligations under the Nordica Bay Loan Documents under which Nordica Bay promised to pay to Bravo Mezz, the principal sum of up to $760,000.00, plus interest, late fees and the fees and costs of collection of the amounts due under the Nordica Landing Loan Documents, including attorneys' fees.

47. On or about February 18, 2022, Defendant Lee executed and delivered to Bravo Mezz for value received, the Nordica Landing Guaranty guaranteeing prompt and complete payment and performance by Nordica Landing of all of its obligations under the Nordica Landing Loan Documents under which it promised to pay to Bravo Mezz, the principal sum of up to $1,240,000.00, plus interest, late fees and the fees and costs of collection of the amounts due under the Nordica Landing Loan Documents, including attorneys' fees.

48. Each of the Nordica Landing Loan and the Nordica Bay Loan matured on the Maturity Date.

49. Defendant Nordica Bay failed to pay $760,000.00 in principal due on the Nordica Bay Note. As of August 1, 2024, the amount due is as follows: (i) principal of $760,000.00, (ii) an exit fee of $22,800.00, and (iii) accrued interest at the Default Rate of 24% from April 1, 2024 through August 1, 2024 of $62,320.00, which continues to accrue at a per diem rate of $506.67 per day, for a total amount due through August 1, 2024 of $845,120.00, plus the fees and costs of collection of the amounts due under the Nordica Bay Loan Documents, including attorneys' fees in an amount to be proven at trial. (collectively, the "Nordica Bay Loan Obligations"). This amount is now due and owing to Plaintiff Bravo Mezz.

50. Defendant Nordica Landing failed to pay $1,240,000.00 in principal due on the Nordica Landing Note. As of August 1, 2024, the amount due is as follows: (i) principal of $1,240,000.00, (ii) an exit fee of $37,200.00, and (iii) accrued interest at the Default Rate of 24% from March 1, 2024 through August 1, 2024 of $127,306.67, which continues to accrue at a per diem rate of $826.67 per day, for a total amount due through August 1, 2024 of $1,404,506.67, plus the fees and costs of collection of the amounts due under the Nordica Bay Loan Documents,

including attorneys' fees in an amount to be proven at trial (collectively, the "Nordica Landing Loan Obligations"). This amount is now due and owing to Plaintiff Bravo Mezz.

51. Defendant Lee owes the Nordica Bay Loan Obligations and the Nordica Landing Loan Obligations to Brave Mezz under the terms of the Nordica Bay Guaranty and the Nordica Landing Guaranty, respectively. Defendant Lee has not paid this amount to Bravo Mezz. This amount is now due and owing to Bravo Mezz.

WHEREFORE, Bravo Mezz demands judgment against Defendants as follows:

(i) on the First Claim for Relief, against Defendant Nordica Bay for breach of contract in amount to be determined at trial but in no event less than $845,120.00, plus interest accruing on at the Default Rate of 24% from and after August 1, 2024 and the fees and costs of collection of the amounts due under the Nordica Bay Loan Documents, including attorneys' fees in an amount to be proven at trial;

(ii) on the Second Claim for Relief, against Defendant Nordica Landing for breach of contract in amount to be determined at trial but in no event less than $1,404,506.67, plus interest accruing on at the Default Rate of 24% from and after August 1, 2024 and the fees and costs of collection of the amounts due under the Nordica Landing Loan Documents, including attorneys' fees in an amount to be proven at trial;

(iii) on the Third Claim for Relief, against Defendant Lee for breach of contract in amount to be determined at trial but in no event less than $2,249,626.67, plus interest accruing on at the Default Rate of 24% from and after August 1, 2024 and the fees and costs of collection of the Nordica Landing Obligations and the Nordica Bay Obligations, including attorneys' fees in an amount to be proven at trial;

(iv) for such other and further relief as the Court deems just and proper.

Dated: November 26, 2024

                CULLEN AND DYKMAN LLP

                */s/Michelle McMahon*
                Michelle McMahon, Esq.
                One Battery Park Plz., 34th Fl.
                New York, New York 10004
                (212) 510-2296
                Email: mmcmahon@cullenllp.com

                Matthew G. Roseman, Esq.
                333 Earle Ovington Boulevard
                Uniondale, New York 1155
                (516) 357-3700
                Email: mroseman@cullenllp.com

                Attorneys for Plaintiff Bravo Mezz Fund LLC

22874.2000 21267015v1